UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KADLEC MEDICAL CENTER *et al.*                    CIVIL ACTION

VERSUS                                             No. 04-0997

LAKEVIEW ANESTHESIA ASSOCIATES *et al.*            SECTION I/3

**ORDER AND REASONS**

Plaintiffs, Kadlec Medical Center ("Kadlec") and Western Professional Insurance Company, have filed a motion *in limine* to exclude evidence of Kadlec's internal investigation of the Kim Jones sentinel event and aborted root cause analysis.[1] Plaintiffs contend that such evidence is irrelevant and, alternatively, unfairly prejudicial. For the following reasons, plaintiffs' motion is **GRANTED.**

The background facts of this tort action have previously been detailed by the Court.[2] Subsequent to the alleged malpractice of Dr. Berry and the injury caused to Ms. Jones, Kadlec initiated internal peer review proceedings, a sentinel event (*i.e.*, an unexpected occurrence involving, among other

---

[1] Rec. Doc. No. 199.

[2] *See* Rec. Doc. No. 157.

things, permanent loss of function) investigation and a root cause analysis (a process for identifying the most basic or causal factor or factors that underlie variation in performance, which includes the occurrence of a sentinel event).[3]

The parties do not dispute that the documents created through such internal investigations, *i.e.*, a sentinel event and a root cause analysis, are not discoverable and, therefore, are inadmissible at trial.  The parties also appear to agree that the facts underlying the internal investigations are subject to discovery and introduction into evidence.  However, defendants, LAA and LRMC, suggest that they should also be allowed to introduce, in addition to the underlying facts of the investigations, the fact that the Kim Jones incident was a "sentinel event" and the fact that a sentinel event investigation was initiated.  Defendants also argue that they should be able to elicit testimony regarding the fact that a root cause analysis was begun and then terminated.

Plaintiffs argue that the internal investigations are irrelevant and that they should be excluded pursuant to Rule 403.  Specifically, plaintiffs contend that any reference to either the sentinel event or the aborted root cause analysis have not bearing on the alleged comparative negligence of plaintiffs, and

---

[3] *See* Rec. Doc. No. 66, pp. 3-4.  The root cause analysis was terminated on the advice of counsel after counsel for the Jones family served a demand on Kadlec and threatened a lawsuit.  Rec. Doc. No. 199.

that introduction of such evidence would be prejudicial.  In support of their motion, plaintiffs unnecessarily recite the law with respect to the peer review privilege.

The statute and peer review privilege discussed by plaintiffs does not encompass the fact that these internal investigations took place and/or were terminated.  Nevertheless, the Court finds that such investigations are irrelevant.  While the underlying facts of such investigations are admissible and clearly relevant, what Kadlec did or did not do with respect to Dr. Berry after the Jones incident is of no consequence to plaintiffs' alleged comparative fault.

Furthermore, even if the fact that these internal investigations took place (and were terminated) was relevant, the Court finds that the probative value would be substantially outweighed by the danger of unfair prejudice and confusion to the jury.  The prejudicial impact of such evidence is significant in view of the fact that the investigations themselves are privileged.  The fact that Kadlec engaged in a sentinel event analysis or that it conducted and then terminated a root cause analysis would be without context for the jury.  Moreover, because defendants are entitled to introduce the underlying facts of these investigations, the Court finds that defendants' introduction of the existence and/or termination of these investigations would also be confusing to the jury.

For the above and foregoing reasons, **IT IS ORDERED** that plaintiffs' motion *in limine* to exclude evidence of the Kim Jones sentinel event and root cause analysis is **GRANTED.**

New Orleans, Louisiana, March __6th__, 2006.

                                        **LANCE M. AFRICK**
                           **UNITED STATES DISTRICT JUDGE**