UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KADLEC MEDICAL CENTER *et al.* | CIVIL ACTION |
| VERSUS | No. 04-0997 |
| LAKEVIEW ANESTHESIA ASSOCIATES *et al.* | SECTION I/3 |

### ORDER AND REASONS

Before the Court is a motion *in limine* to exclude certain testimony filed on behalf of defendants, Lakeview Anesthesia Associates, Drs. Dennis, Preau, Baldone, and Parr (collectively "LAA").[1]  LAA seeks to exclude (1) articles, publications, and videos as inadmissible hearsay; (2) evidence and testimony regarding Kim Jones's medical condition and medical bills as irrelevant and unduly prejudicial; and (3) evidence and testimony regarding the settlement in the Kim Jones litigation as irrelevant.  For the following reasons, defendants' motion *in limine* is **DEFERRED TO TRIAL.**

**1. Various publications designated as exhibits by plaintiffs**

LAA suggests that plaintiffs intend to introduce a number of articles, publications, speeches, videotapes and DVDs with respect to the impairment of physicians and anesthesiologists.

---

[1] Rec. Doc. No. 204.  In their motion and memorandum in support, LAA adopts many of LRMC's motions *in limine* set forth in Rec. Doc. No. 207.  The Court addresses those issues in a separate order and reasons.

LAA contends that these materials constitute inadmissible hearsay and should be excluded.

Hearsay is generally not admissible evidence.  Fed. R. Evid. 802.  Rule 801 of the Federal Rules of Evidence defines hearsay as "a statement, other than one made by the declarant while testifying  at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).  LAA argues that because plaintiffs intend to introduce these publications for the truth of the matter asserted and because none of these materials were authored by any witness who will testify at trial, such materials are inadmissible hearsay.

Plaintiffs assert that these publications are "learned treatises" of the American Medical Association and the American Society of Anesthesiologists and, therefore, they fall within one of the enumerated exceptions to the hearsay rule.  Rule 803(18) allows learned treatises, in limited situations, to be read into evidence but not to be received as exhibits.  Fed. R. Evid. 803(18).[2]  Whether the publications at issue satisfy the requirements of Rule 803(18) can be better evaluated at trial during the testimony of plaintiffs' witnesses.  Accordingly, the

---

[2] Rule 803(18) provides:  "Learned treatises.  To the extent called to the attention of an expert witness upon cross-examination or relied upon by the expert witness in direct examination, statements contained in published treatises, periodicals, or pamphlets on a subject of history, medicine, or other science or art, established as a reliable authority by the testimony or admission of the witness or by other expert testimony or by judicial notice. If admitted, the statements may be read into evidence but may not be received as exhibits." Fed. R. Evid. 803(18).

Court defers its ruling on these materials.

**2. Kim Jones's medical condition and medical bills**

LAA objects to the introduction of any evidence and testimony regarding Kim Jones's medical condition and medical bills. They contend that these matters are irrelevant and unduly prejudicial because the parties have stipulated to the amount and reasonableness of the settlement in the Kim Jones case.

Plaintiffs do not dispute that the parties have stipulated to the amount and reasonableness of the settlement. Notwithstanding the stipulation, plaintiffs desire to introduce evidence of Jones's medical condition, but not her medical bills. Plaintiffs argue that the introduction of such evidence will allow the jury to understand the basic facts of this litigation, demonstrate the potential harm that can result from defendants' misrepresentations, explain the extensive attorneys' fees incurred by plaintiffs, and prove that Dr. Berry was impaired at the time of Jones's surgery. Plaintiffs also assert that evidence of Jones's injuries are necessary to prove various elements of their misrepresentation claims.

Some of the evidence related to Jones's medical condition is irrelevant. However, some evidence, such as the amount of time that Jones's brain was deprived of oxygen, may be relevant to, *inter alia*, the jury's determination of whether Dr. Berry was impaired at the time he allegedly breached the standard of care

owed Ms. Jones.  Without having heard the testimony, the Court is unable, at this time, to definitively rule on this portion of the motion as it would be premature to do so.  Accordingly, the Court defers ruling on this issue until trial.

### 3. Settlement of the Jones litigation

Defendants seek to have the Court exclude evidence and testimony regarding the settlement of the Jones litigation. Plaintiffs recognize that in light of the stipulation, they only need to introduce a copy of the settlement check to document actual payment.  Plaintiffs' payment of $7.5 million settlement to the Jones family is clearly relevant to the issue of their damages.  If there is not a stipulation as to the actual payment of the 7.5 million dollars, plaintiffs may introduce the check as proof of payment.  LAA would not be unduly prejudiced by such evidence.  Therefore, LAA's motion to exclude evidence regarding the settlement is deferred until this Court has had an opportunity to review the stipulation.

For the above and foregoing reasons, **IT IS ORDERED** that LAA's motion *in limine* is **DEFERRED TO TRIAL** as set forth in this Order and Reasons.

New Orleans, Louisiana, March __6th__, 2006.

                                                                                      _____
                                                                                             LANCE M. AFRICK
                                                                                    **UNITED STATES DISTRICT JUDGE**