UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KADLEC MEDICAL CENTER, *et al.*                           CIVIL ACTION

VERSUS                                                    No. 04-0997

LAKEVIEW ANESTHESIA ASSOCIATES, *et al.*                  SECTION I/3

### ORDER AND REASONS

Before the Court is a motion *in limine* filed on behalf of plaintiffs, Kadlec Medical Center ("Kadlec") and Western Professional Insurance Company, to exclude evidence of a statement of deficiencies issued to Kadlec by the Washington State Department of Health.[1]  Defendants, Lakeview Medical Center, LLC, d/b/a Lakeview Regional Medical Center ("LRMC"), as well as Louisiana Anesthesia Associates, L.L.C. ("LAA") and Doctors Dennis, Preau, Parr and Baldone (collectively "LAA defendants"), oppose the motion.[2]  For the following reasons, plaintiffs' motion *in limine* is **GRANTED.**

### *Background*

This tort action arises out of alleged omissions and/or misrepresentations made by defendants in professional

---

[1] Rec. Doc. No. 201.

[2] Rec. Doc. No. 211, the LAA defendants' opposition.  Rec. Doc. No. 215, LRMC's response.

credentialing and/or reference letters written to Kadlec and others on behalf of Dr. Robert Berry.[3] Dr. Berry practiced anesthesiology at Lakeview Regional Medical Center ("LRMC") in Covington, Louisiana from January, 1997, to March, 2001.[4] During that time, Dr. Berry was an employee of Lakeview Anesthesia Associates, L.L.C. ("LAA") and, ultimately, he became a shareholder of LAA with defendants, Drs. Dennis, Preau, Baldone, and Parr.

Kadlec alleges that at some point during the year 2000, LRMC conducted an audit of Dr. Berry's narcotics medication records and discovered that he had failed to properly document withdrawals of Demerol. Kadlec further alleges that on March 13, 2001, hospital staff found Dr. Berry sleeping in a chair and that he "appeared to be sedated."[5] Apparently in response to this incident and based on suspicions that Dr. Berry was diverting Demerol, LAA terminated Dr. Berry's employment effective that day.[6] Dr. Berry's staff privileges at LRMC subsequently expired.

In late 2001, based in part on letters from LRMC and Drs. Dennis and Preau, Kadlec retained Dr. Berry's services. In

---

[3] The LAA defendants are alleged to have made affirmative misrepresentations in professional reference letters written on behalf of Dr. Berry.

[4] Rec. Doc. No. 1.

[5] Rec. Doc. No. 1.

[6] Rec. Doc. No. 1, exhibit A.

-2-

November, 2001, Dr. Berry allegedly committed medical malpractice in connection with his care of a patient, Ms. Jones, at Kadlec. Kadlec settled the medical malpractice lawsuit (the Jones case) with the patient's family which gives rise to the alleged pecuniary loss suffered as a consequence of Kadlec's reliance upon the alleged misrepresentations.[7]

At issue in plaintiffs' motion *in limine* is a statement of deficiencies issued by the Washington State Department of Health ("DOH") to Kadlec for failing to report Dr. Berry to the commission. Plaintiffs argue that any evidence related to the statement of deficiencies should be excluded because it is irrelevant pursuant to Rule 402 of the Federal Rules of Evidence, because it is would be confusing to the jury and overly prejudicial pursuant to Rule 403, and because it violates Rule 404(b) and Rule 803(8)(c).

### *Law and Analysis*

Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 402 provides that "[a]ll relevant evidence is admissible . . ." Fed. R. Evid. 402.

After surveying Kadlec and reviewing the Jones incident, the

---

[7] Rec. Doc. No. 1.

DOH issued a statement of deficiencies to Kadlec citing Kadlec's failure to report the restriction of Dr. Berry's clinical privileges to the Washington Medical Quality Assurance Commission.  LRMC and the LAA defendants argue that Kadlec's rebuke by the DOH relates to Kadlec's comparative negligence because Kadlec's failure to report to the DOH bears a close resemblance to the actions of defendants on which Kadlec bases its complaint.  For example, the LAA defendants argue that the deficiencies identified by the DOH are relevant as evidence of Kadlec's own comparative fault in its handling of Dr. Berry.[8] Similarly, LRMC argues that the statement of deficiencies is relevant to Kadlec's alleged compliance with applicable bylaws, laws, and regulations, and that it tends to show Kadlec's own negligence.

The Court finds that the statement of deficiencies is not relevant.  The Fifth Circuit has explained that in order to be relevant, evidence must be both material and probative:

To be relevant, evidence must have some "tendency to make

---

[8] The LAA defendants also argue that the statement of deficiencies are admissible pursuant to La. R.S. 13:3715.3(G)(4)(e), misidentified by the LAA defendants as 13:3715.3(4)(e).  The Court rejects this basis for admitting the statement of deficiencies.  Louisiana Revised Statute 13:3715.3(G)(4)(e) applies explicitly to civil actions brought against a health care provider when the documents <u>directly relate</u> to the type of injury sustained by the <u>patient</u>.  The documents at issue do not directly relate to any injury sustained by a patient; instead, the statement of deficiencies relates to Kadlec's failure to report the incident, not to the patient's injuries.
   The Court also notes that this case involves a non-medical malpractice tort action by a health care provider and its insurer against other health care providers.  The Court has been unable to find any authority extending the reach of the statute to this type of action.

> the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Implicit in that definition are two distinct requirements: (1) The evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action. Whether a proposition is of consequence to the determination of the action is a question that is governed by the substantive law. Simply stated, the proposition to be proved must be part of the hypothesis governing the case – a matter that is in issue, or probative of a matter that is in issue, in the litigation.

*United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981)(internal citations omitted). Kadlec's rebuke by the DOH does not make any fact of consequence more or less probable. That is, any failure by Kadlec to report Dr. Berry after the Jones incident, under either a comparative negligence theory or under a superseding cause theory, does not create an inference of negligence.[9] This case is based on alleged misrepresentations or omissions in the credentialing process of Dr. Berry whereby defendants either intentionally or negligently responded to requests for information. The subject matter of the statement of deficiencies, i.e., Kadlec's actions subsequent to Jones's injury, do not relate to the hiring or the retention of Dr. Berry. Nor does it relate to Kadlec's employment and/or management of Dr. Berry, which if negligent, could be found to be

---

[9] Defendants appear to advance both defense theories. However, what Kadlec did or failed to do after the incident giving rise to the damages in this case is not material to this litigation.

a superseding cause.

Even assuming that the DOH statement of deficiencies was relevant to some issue of consequence in this litigation, the evidence is excludable based on Rule 404(b).  In civil matters, Rule 404(b) precludes the introduction of evidence of other acts "to prove the character of a person in order to show that he acted in conformity therewith."  Fed. R. Evid. 404(b); *see Dial v. Travelers Indem. Co.*, 780 F.2d 520, 523 (5th Cir. 1986).  Rule 404(b) allows the admission of other acts for other purposes, such as proof of motive, opportunity, intent, or knowledge.  In order to be admitted, the Court must first determine that the act is relevant to an issue other than character.  *See United States v. Beechum*, 582 F.2d 898, 911-12 (5th Cir. 1987)(setting forth test for admission of extrinsic evidence); *United States v. Infante*, 404 F.3d 376, 388 (5th Cir. 2005)(reiterating *Beechum*).  Pursuant to the second prong of *Beechum*, "the incremental probative value of the evidence [must not be ] substantially outweighed by the danger of unfair prejudice."  *United States v. Peters,* 283 F.3d 300, 312 (5th Cir. 2002).

Defendants have failed to establish that the DOH statement of deficiencies is related to any issue other than "character." LRMC maintains that the statement of deficiencies erodes Kadlec's assertion that it acts in the best interests of its patients and that it is intended to rebut plaintiffs' assertion that Kadlec

-6-

was focused on compliance with applicable laws and regulations.[10] Defendants imply that Kadlec's alleged failure to report subsequent to Jones's injury leads to the inference that Kadlec failed to maintain a policy of patient safety prior to Jones's surgery. Defendants are really attempting to prove Kadlec's negligence though its "character" by showing that Kadlec's alleged failures identified in the statement of deficiencies make it more likely than not that prior to the Jones incident, Kadlec's actions or inactions were in conformity with its subsequent behavior. This stated purpose for the evidence amounts to improper "character" evidence pursuant to Rule 404(b).[11] Accordingly,

**IT IS ORDERED** that plaintiffs' motion *in limine* to exclude evidence of the statement of deficiencies issued to Kadlec by the Washington State Department of Public Health is **GRANTED.**

New Orleans, Louisiana, March __6th__, 2006.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[10] *See* Rec. Doc. No. 215. The LAA defendants also argue that Kadlec was negligent due to its failure to report. Rec. Doc. No. 211.

[11] In view of the Court's conclusion that the evidence is irrelevant and inadmissible pursuant to Rule 404, the Court need not reach plaintiffs' other arguments that the evidence is overly prejudicial or that it is inadmissible based on Rule 803.