UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KADLEC MEDICAL CENTER *et al.*                      CIVIL ACTION

VERSUS                                              No. 04-0997

LAKEVIEW ANESTHESIA ASSOCIATES *et al.*             SECTION I/3

**ORDER AND REASONS**

Before the Court is a motion *in limine* filed on behalf of plaintiffs, Kadlec Medical Center ("Kadlec") and Western Professional Insurance Company ("WPI"), to exclude evidence of consent agreements entered into by Dr. Robert Lee Berry ("Dr. Berry") and the states of Washington, Montana, Louisiana, and Arizona.[1]  For the following reasons, plaintiffs' motion *in limine* is **DENIED.**

*Background*

This tort action arises out of alleged omissions and misrepresentations by defendants, Lakeview Medical Center d/b/a Lakeview Regional Medical Center ("LRMC"), as well as Lakeview Anesthesia Associates ("LAA") and Drs. Mark Dennis, William Preau, III, David Baldone, and Allan Parr (collectively "LAA

---

[1] Rec. Doc. No. 195.

defendants"), in professional credentialing and recommendation letters written to Kadlec and others on behalf of Dr. Berry.[2]

At issue in plaintiffs' motion *in limine* are consent agreements between Dr. Berry and the State of Washington, the State of Montana, the Louisiana State Board of Medical Examiners, and the Arizona Medical Board.  Plaintiffs move to exclude these agreements pursuant to Rule 803(8)(C) and Rule 403 of the Federal Rules of Evidence.

### *Law and Analysis*

Rule 803 of the Federal Rules of Evidence provides certain exceptions to the general exclusion of hearsay in cases where the declarant is available as a witness.  Fed. R. Evid. 803; *see* Fed. R. Evid. 802; *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991)(discussing Rule 803(8)(C)).  Rule 803 provides in pertinent part:

> (8) Public records and reports.  Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . (C) in civil actions . . ., factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

In *Moss v. Ole South Real Estate, Inc.*, the United States Court of Appeals for the Fifth Circuit explained that pursuant to

---

[2] The background facts of this action have previously been fully detailed. *See, e.g.*, Rec. Doc. No. 157.

Rule 803(8)(C):

> [S]ome classes of hearsay are excluded from Rule 802's prohibition against the admissibility of hearsay. Rule 803 excludes certain types of statements from the hearsay ban even though the declarant is available as a witness, primarily because "under certain circumstances, a statement, although it is hearsay, may still possess circumstantial guarantees of trustworthiness sufficient to justify its admission as evidence." *Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 280 (5th Cir. 1991). Rule 803(8) excludes from the hearsay rule certain public records and reports. The Advisory Committee notes that "[j]ustification for the exception is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record." *See also Bradford Trust Co. v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 805 F.2d 49, 54 (2d Cir. 1986)(Rule 803(8)"is premised on the assumption that public officials perform their duties properly without motive or interest other than to submit accurate and fair reports.").
>    Rule 803(8)(C) covers evaluative reports and provides in relevant part:  (8) Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . (C) in civil actions and proceedings . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness. Opinions and conclusions, as well as facts, are covered by Rule 803(8)(C). *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169, 109 S. Ct. 439, 450, 102 L. Ed. 2d 445 (1988). The Advisory Committee "assumes admissibility [of 803(8)(C) reports] in the first instance." Thus, evaluative reports are presumed not to be excluded under the hearsay rule unless there are indications of untrustworthiness. If the reports are untrustworthy, they are inadmissible.
>    The Advisory Committee proposed a nonexclusive list of four factors which are helpful in determining trustworthiness: (1) the timeliness of the investigation; (2) the special skill or expertise of the official; (3) whether a hearing was held and at what level; and (4) possible motivational problems as in *Palmer v. Hoffman*, 318 U.S. 109, 63 S. Ct. 477, 87 L. Ed. 645 (1943) (holding that the railroad's version of events, embodied in the company's records, was inadmissible hearsay because the report was not part of the systematic conduct

> of a railroad business).
>
> In light of the presumption of admissibility, the party opposing the admission of the report must prove the report's untrustworthiness. *See Bradford Trust Co.*, 805 F.2d at 54; *Ellis v. International Playtex, Inc.*, 745 F.2d 292, 301 (4th Cir. 1984); *Kehm v. Procter & Gamble Mfg. Co.*, 724 F.2d 613, 618 (8th Cir. 1983); *Baker v. Elcona Homes Corp.*, 588 F.2d 551, 558 (6th Cir. 1978), *cert. denied*, 441 U.S. 933, 99 S. Ct. 2054, 60 L. Ed. 2d 661 (1979).

*Moss*, 933 F.2d at 1305.

Plaintiffs argue that the summary suspension and consent agreements between Dr. Berry and the state licensing authorities of Washington, Montana, Louisiana, and Arizona are inadmissible. Specifically, plaintiffs suggest that sufficient trustworthiness is lacking because (1) they were not a party to the proceedings and, therefore, had no opportunity to contest the facts; (2) no hearings were held; and (3) Dr. Berry had no incentive to contest the findings of the state licensing agencies.

It is undisputed that the consent agreements at issue are public records and reports resulting from an investigation made pursuant to authority granted by law. The fact that Kadlec did not have an opportunity to be heard in the process of creating the consent agreements is not dispositive of the documents' trustworthiness.

Plaintiffs recognize that the Court must look to several factors in order to determine trustworthiness, including "(1) the timeliness of the investigation; (2) the experience of the official; (3) whether a hearing was held; and (4) possible bias

when the reports are prepared in anticipation of litigation."
*See United States v. Cent. Gulf Lines, Inc.*, 974 F.2d 621, 627
(5th Cir. 1992).  Plaintiffs' only complaint with respect to the
reports at issue is that they had no opportunity to challenge the
facts at a hearing.  Plaintiffs recognize, however, that Dr.
Berry stipulated to the facts of the reports and that he waived
his right to a hearing.  Moreover, plaintiffs have failed to
establish that the reports of the agencies charged with
investigating Dr. Berry's actions at Kadlec in November, 2002,
are untrustworthy.[3]

Plaintiffs also contend that the consent agreements should
be excluded pursuant to Rule 403 because the possibility of
confusing the jury outweighs the probative value of the evidence.
Plaintiffs argue that a conflict will arise between the
allegations acceded to by Dr. Berry in the consent agreements and
the facts to be adduced by witnesses at trial.

The Court finds that any prejudicial effect of the state
agency consent agreements, i.e., any risk of jury confusion, does
not substantially outweigh their probative value.  Whatever
conflict that may exist between the testimony of witnesses and
the contents of the consent agreements goes to the weight of the
evidence, not its admissibility, and may be explained during

---

[3] In order to be admissible, the Court notes that, in addition to satisfying Rule 803's exception to the hearsay rule, such records mush be self-authenticating pursuant to Rule 902(4) of the Federal Rules of Evidence or they must be otherwise authenticated.

argument as well as cross-examination.  Accordingly,

For the above and foregoing reasons, **IT IS ORDERED** that plaintiffs' motion *in limine* to exclude evidence of consent agreements entered into by Dr. Berry and the states of Washington, Montana, Louisiana, and Arizona (Rec. Doc. No. 195) is **DENIED.**

New Orleans, Louisiana, March __6th__, 2006.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**